```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

MELANIE D. JACKSON, etc.,         )
                                  )
                Plaintiff,        )
                                  )
     v.                           )    No. 09 C 3276
                                  )
SUBWAY #25488,                    )
                                  )
                Defendant.        )

## MEMORANDUM ORDER

Some five months after the filing by Melanie Jackson ("Jackson") of this putative class action under the Fair and Accurate Credit Transactions Act ("Act"), and a bit less than five months after Jackson's counsel filed a motion for class certification, this Court has received the Judge's Copy of an Answer to the Complaint.[1]  This memorandum order is issued sua sponte to address some problematic aspects disclosed by the Complaint and Answer.

To begin with, as the caption reveals, "Subway #25488" is designated as the defendant.  That cannot be the correct corporate name (805 ILCS 5/4.05(a)(1))--if defendant is indeed a

---

[1] Earlier this Court had been apprised that some delay had been occasioned by an insurance company's consideration of possible coverage of the claim.  Now defense counsel has contemporaneously filed a document filed "Rule 26 Disclosure" that states in part:

> Defendant has not [sic] insurance coverage to cover this particular claim.

That information may of course be useful, but as a procedural matter the filing violates this District Court's prohibition against the filing of discovery materials.  Accordingly that document is ordered stricken from the court file.

corporation. And defense counsel has cast no light on the subject by filing the Answer on behalf of "Defendant Navin Patel," whom he describes in the Rule 26 Disclosure document referred to in n.1 as "Franchisee of Subway #25488." This Court expects the mystery of the proper defendant (a subject as to which the technical burden rests on Jackson and her counsel) to be cleared up promptly.

Next there are some fundamental pleading errors in the Answer. Here they are:

    1. Answer ¶8 does not conform to the clear mandate of Fed. R. Civ. P. ("Rule") 8(b)(1)(B), and due to a like deficiency Answer ¶7 should simply admit the allegation of Complaint ¶7.

    2. Several responses (Answer ¶¶9, 10, 12, 19, 24 and 26) violate both the last-cited Rule and the possible alternative set out in Rule 8(b)(5), as well as adding a meaningless demand for "strict proof"--in those respects, see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Those matters must be corrected, either via an Amendment to the Answer or through a self-contained Amended Answer, on or before November 23, 2009.

On the substantive front, Answer ¶¶13 and 15 disclose a particularly unfortunate situation. As contrasted with the Act's prohibition against printing more than the last five digits of a

credit or debit card number, which clearly serves the goal of providing a meaningful roadblock to potential identity theft, the statutory prohibition against printing the card's expiration date (so long as the other prohibition is honored) appears to provide no demonstrable or effective consequence in that regard.

That being the case, the expiration-date prohibition--the one that was assertedly not complied with here--is really a trap for the unwary. Moreover, the situation that has been disclosed by the pleadings poses an interesting issue of statutory construction. With the prohibitions referred to in this opinion being set out in 15 U.S.C. §1681c(g)(1),[2] and with Section 1681n(a) defining the scope of damage awards for a <u>willful</u> failure to comply with those requirements, the issues posed by this lawsuit also require reference to Section 1681n(d):

> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

Quaere: Does that negative phrasing necessarily mean that printing the expiration date after June 3, 2008 (as was apparently done here) automatically constitutes "willful noncompliance with section 1681c(g)"? Section 1681n(d) certainly

---

[2] Further citations to the Act's provisions will simply take the form "Section 1681--," omitting the prefatory "15 U.S.C."

3

doesn't say so. And an important clue on the subject appears to be provided by the definitive opinion in <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 57-60 (2007), which teaches that the statutory term "willful" embraces reckless disregard as well as knowing violations of the statutory requirement.

If the situation in this case was indeed that described in Answer ¶¶13 and 15, there was surely no knowing violation here, and it would appear that any potential claim of "reckless disregard" is questionable at a minimum. And that in turn would mean that the damages provisions of Section 1681n(a) would not necessarily come into play, so that a plaintiff such as Jackson would have to demonstrate actual damages in real-world terms--likely a remote prospect.

In sum, this action seems extraordinarily messy in a number of respects, both procedural and substantive. Both sides' counsel would seem well advised to consider resolving this action on an individual (rather than class action) basis, and to do so in modest terms. This Court will retain the next scheduled status hearing date of November 30, with the hope that both sides' counsel will utilize the next few weeks to explore that prospect.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 12, 2009